Good morning. May it please the Court. Ethan Shulman, Kroll & Mooring for Appellants, Health Net, and Health Net of California. The issue presented by this appeal is whether, in a case removed to federal court under the Class Action Fairness Act, a district court may ignore undisputed evidence that the jurisdictional requirements of CAFA have been met and nevertheless remand the case to state court. The only reason the district court gave in this case for ignoring that evidence was that it was filed in opposition to the plaintiff's motion to remand the case to state court rather than a few weeks earlier when the defendant filed its notice of removal. And that ruling is inconsistent with the removal statute itself, Section 1446, with the standard removal practice in diversity cases and precedent in this circuit, with precedent in other circuits, and if all that warrants enough, with the congressional intent in enacting CAFA in the first place, that diversity jurisdiction be construed broadly to encourage interstate class actions to be adjudicated in federal courts, not in state courts. We've said that the district courts may consider the evidence that's adduced after the removal petition. What says that the district court must consider it? That seems to be the key question to me. It is the key question, Judge Ikuda, and let me answer it in a couple of ways. First of all, we start with the statute, as we always do. All that 1446 requires is in the notice of removal a short and plain statement of the basis for removal. And that is to say jurisdictional allegations that are sufficiently specific to tell the federal court that diversity jurisdiction is met. It is true that the court has said in a number of cases, and Singer, of course, is the lead case, that the district courts have discretion to consider evidence. As a practical matter, what that means is this, and this is the standard practice, I dare say, that's followed by all federal court practitioners. A defendant is sued in state court. They take a look at the complaint. They determine that it's removable. They file a notice of removal that contains adequate jurisdictional allegations. If those allegations are not contested, for example, there's no dispute about diversity of citizenship, which is typically the case, that's the end of it. The case goes forward in federal court. If they are contested, that is, the plaintiff files a motion to remand, then Singer says the court may consider summary judgment type evidence, declarations, affidavits, other kinds of evidence that bear on the issues before it with respect to diversity jurisdiction, and that is to say diversity of citizenship, and under CAFA, the size of the class, and then finally the amount in controversy, which, of course, in this case, is just a matter of simple math. It's a multiplication of the number of class members times the statutory damages that the plaintiff sought in its state court complaint. There's no case that we're aware of, not in this circuit, not in any circuit, which says a district court, even using the discretionary language that you referred to, a district court may ignore undisputed jurisdictional evidence, undisputed evidence that the jurisdictional requirements are met. To the contrary, this court's cases say over and over again, and Singer and Cohn v. Petsmart and Loudermilk, and I think the Risen, Lewis v. Verizon, those are cases in which the court accepts that it's perfectly proper for the district court to look at that evidence. And it makes a certain amount of common sense. It's not only consistent with standard practice. If every time a defendant removed a case to federal court, they had to file evidence in support of their allegations, you would be clogging. It's not only not required by the statute. It's not only not required by any case law. You'd be clogging up the district court dockets. State court plaintiffs often don't allege the citizenship of corporate defendants. They have no need to do so in state court. If a plaintiff's counsel didn't do due diligence, doesn't know the citizenship, there's no need for a defendant at that point to file a declaration from the corporate secretary attesting that the corporation is incorporated in one state and has its principal place of business in another. They simply make those allegations in the notice of removal, and that's really all that may be necessary. They're in the ordinary course. A plaintiff won't contest that. It's incontestable. So the district court here, as I understood it, said, I don't want to consider this evidence because it was produced by the defendants instead of the plaintiffs. So words to that effect. And so if the court decides that that's wrong, you could say, well, that was a legal error, and that was an abuse of discretion because there's a legal error, and it would go back to the district court. But I take it what you want is for us to say, no, district court, not only was that a wrong ground, but, in fact, you have to consider the evidence in determining whether removal was proper or not. And is there any – would that require us to make new law, I guess, is my question. Only in the sense, Judge Acuda, that it would require this Court to say explicitly what I think has been implicit for many, many years, not just under CAFA, but under diversity practice general, which is the practice that I just described of filing a notice and then, if the notice is challenged, filing evidence that the district court can consider. That's a very incremental change. It's hardly a surprising one. As I say, it's consistent with the standard of practice. And on the record here, there's really no basis for any other conclusion. Let's look at what we've got. We've got an allegation very broadly defined as to a class of all current and former HealthNet members as to whom HealthNet maintains medical information. Well, HealthNet's a big health care service plan, and the plaintiffs themselves allege HealthNet maintains medical information on all of its members. So that's not a very narrow class. All we needed to show to show that the jurisdictional requirements were met was that the class has more than 100 members, that minimal diversity was met, that is, that there's one member who is a citizen of a state other than Delaware and California, the states in which HealthNet is incorporated and has its principal place of business, and that the aggregated claims total more than $5 million. Well, the plaintiff says, well, gee, because I didn't allege in my complaint that there are more than 100 members, the district court can't make that finding. Well, that's ludicrous with respect. There is, in the record here, a press release from the California Department of Managed Health Care, as part of our evidentiary showing, that indicated that the very incident that was the basis for this lawsuit affected more than 1.9 million members of HealthNet. So for the plaintiff to say, well, gee, I don't know whether it's more than 100, that's silly, again, with respect. If one multiplies minimal diversity, the evidentiary showing established beyond dispute that there are at least 300,000 HealthNet members in states other than California and Delaware, and indeed the declaration indicates that understates the number. So minimal diversity, is there more than one? Yes. And then the simple math, the plaintiff sought so-called nominal or statutory damages of $1,000 per class member. Well, my math is 2 million plus times 1,000 is $2 billion. I think the amount in controversy is amply met here. But that wasn't the question. That wasn't why the court acted as it did on this record, was it? No, Judge Garris. It was just for the point, and I think I acknowledged this. I should have acknowledged this in response to Judge Acuda's question. Simply for the point that the evidence was filed in opposition to the motion to remand rather than with the notice of removal itself. And all I'm suggesting is that elevates form over substance, and there's no law to support that kind of a formalistic, narrow, cramped approach here. Indeed. So we should, in your view, do what? In my view, Judge Farris, and I'm not sure there's any basis to do anything else, the district court's order remanding the case to state court should be reversed. There's an undisputed record. There was an undisputed record before the district court that all of the jurisdictional requirements of CAFA were met, and that ought to be the end of the story. The larger context here, of course, is CAFA itself. Congress in 2005. We know from the record what the district court ruled on. The district court decided you're late with your showing, and so I'm not going to follow it. Isn't that what the record shows? That's exactly right, Judge Farris, and all I've suggested is there's nothing to support that. There's no case to support that. There's no statute to support that, and it's contrary to common practice. The PRECTA case that we've decided out of one of your sister circuits, the 11th Circuit, was the first court that we're aware of that hit that issue straight on. PRECTA was exactly this case. There was a notice of removal. The defendant filed evidence in response to a motion to remand. The district court refused to consider that on the ground that it was purportedly late, and the 11th Circuit said, no, you don't. What is the basis for refusing to consider evidence that's before you on a motion to remand simply because it was filed a few weeks later in the notice of removal? There's no basis for that in the statute, and it doesn't make any sense to us, and that's the ruling that we're urging on the court today, and it's one that, as I say, is consistent with what Congress sought to do when it enacted CAFA, which was to have the diversity jurisdiction in the federal courts over these multistate and interstate class actions broadly construed, not narrowly construed the way the district court construed it here. So unless the Court has further questions, I'll reserve the remainder of my time. Thank you. Good morning, Your Honors. May it please the Court, my name is Patrick Keegan, and I'm representing the plaintiff, Apelli, in this matter this morning. Let me just start by saying that I think it's clear from the precedence of this circuit that not every class action is subject to removal under CAFA, and this is certainly one that's not. Why not? And in this case, it's not because the plaintiff, not only did the defendant not submit any proof in its notice of removal, as the Court legitimately pointed out. Well, let's start with that proposition. Sure. What requires submission of evidence of proof with the notice of removal? Well, Your Honors, I contend that under the Dow chemical decision and the Miles, Inc. decision that this Court rendered sometime in the past, that it required in both those cases, defendants just submitted a notice of removal without any proof at all. And in both those circumstances, both those cases were remanded back to State court as affirmed by the Ninth Circuit. This is not, I would beg to differ with my opponent, this is not a common practice where no evidence is submitted. Well, what's the statute require when you file a notice of removal? Your Honor, I think under the laws of the interpretation of the decisions of this I think the Ninth Circuit uses the term, no magical incantation by the pleader of the notice of removal is enough. The PRECTA or the Coulter City Plaza case from the Eleventh Circuit that my opponent cites talks about there's no looking to the stars. And that's what this notice of removal is. I'm just looking for something specific that says that evidence sufficient to make out a summary judgment needs to be attached to the notice of removal. Because that appears to be the standard applied by the district court. And I don't see any support for that proposition. And I'm asking you to identify it other than in the stars. Right. Well, and Your Honor, I think when the plaintiff pleads a complaint, obviously we're alleging what facts that we think are consistent with jurisdiction of where the court should be. The language used in the statute is very consistent with the language that's used in the rules defining what you say in a pleading, isn't it? Correct. And I think the standard. So you don't attach evidence to a pleading ordinarily and don't dismiss a pleading because you haven't satisfied the summary judgment standard. So why do you apply that standard to a notice of removal? Well, I think we should. And in this case. Good. But the statute doesn't say we do. Well, Your Honor, I think that as you pointed out, the defendant should be held to the same standard that the plaintiff is on pleading the facts of removal jurisdiction. In this notice, and I think this case is particularly bad for as my opponent suggests a creation of new law, because there's nothing in the notice of removal at all that lays forth any facts that set forth jurisdiction in Federal court. There is no statement in the notice of removal that lays any foundation. It's not just the fact that. Why don't you refute what is alleged? He said that pleadings allege $1,000 per so that the mounting controversy is there. Go ahead. Sure. You heard his argument. Sure. Absolutely, Your Honor. Why don't you tell us what's wrong? Sure. Your Honor, I think what's missing, not only from the late filed declarations, but also a misreading of the complaint. The complaint alleges a class of persons that they either created, maintained, preserved, or stored personal information on hard disk drives that it's pointed out at page 35, paragraphs 11 and 12 of my complaint, set forth that were recorded on hard drives. Well, that's information that the defendant knew at the time, not only at the time that they sent, at the time that they removed the action, but at the time that they had been stolen or lost or misplaced. So in the notice of removal, all the statements that you have for them is that it meets the minimum, not any explanation that, as my opponent laid out with the calculation, that that many people are involved. In fact, if you look at the declaration. I'm looking at the notice of removal. I'm kind of baffled as to what you're saying. ER 209, a mounting controversy. The alleged claims in the state action complaint exceed the sum of $5 million. Plaintiff seeks to represent a putative class of blah, blah, blah, blah, blah. This putative class encompasses hundreds of thousands of healthcare employees or members. Plaintiff alleges each putative class member is entitled to nominal damages of $1,000 per violation. Do the math, which is what he did in the setup here. It's all here. So what's missing? Well, Your Honor, it's not a specific amount, and it's definitely an amount. It's about $5 million. I know, but, Your Honor, as you read that comment, that's a general statement without speculation. And he explains you've got a group of 100,000 people claiming $1,000 per violation. Do the math. Is that over $5 million? Your Honor, if you look at the two declarations, I'm not sure that the case involves either of those. I'm reading the notice of removal. Sure. You said apply the same standard you apply to a complaint. Right. This is the notice of removal. Is this a short and plain statement of the allegations and the basis? It's not. What's missing? What's missing is more it's a general aversion to it meets the standard at CAFA. It's not. It says there are 100,000 people at $1,000 per person. Sure. That's more than saying it's above $5 million. Okay. And that's one element, Your Honor. So what's missing? Move you to another element. Minimum jurisdiction of this case is not set forth in the plain statement because you don't have members of the other states as required. Your Honor, as they note in the Hicks declaration, it conflicts with the press release of the Woods declaration. In the Woods declaration, it's a press release. I thought they did have something about it. I'm looking at my notes here. It's stating that minimal diversity existed and that the putative class encompasses numerous Health Net members who are citizens of states other than California and Delaware. Right. 210 paragraph 9. So that element was at least stated in the notice of removal. What was wrong with that? Is your point that all of the elements were there, but it was too conclusory? Is that your point? Well, I think in the notice of removal, it's too conclusory. They just come up with a conclusion, it meets the standard, and it doesn't set forth the facts of minimum jurisdiction. But you're not arguing that they state facts that relate to the various elements for removal. You're just saying it wasn't sufficiently fleshed out. Am I understanding that? Yeah, I think you're correct, Your Honor. I think if you just look at the notice of removal, it's merely a conclusion on one of the elements of the amount of controversy, but not the other elements, and the amount of people over 100, but it doesn't meet the minimum jurisdiction. They try to cure that. Exactly what piece is missing? The piece is, is this case involving, as they admit in their pleadings, everybody's a citizen of California. It's not facts and legislation. I don't understand what you just said. They clearly take a contrary position. How do they admit in their pleadings that everybody's a citizen of California? Well, they admit that the two entity defendants are citizens of California. But your class isn't defined as limited to citizens of California. No. But these are facts within their definition. Are you now proposing to limit your class definition? Well, I'm proposing that the class definition doesn't say it contains members outside of California. And they say that they've got members outside of California. But it's not, the class definition isn't broad that says every member that is a held net member. It's every member whose information was contained on the hard drives. They issue the press release and say, they point to the press release, which are not facts of the matter asserted under Orr v. Bank of America, 285, Fed Third, 764, 9th Circuit, 2002. It doesn't admit the truth of the matter asserted. But it shows in that release there's 1.9. But the Hicks Declaration says there's 2.2. Nowhere does either of the declarations say exactly where the citizens are. They also point to some other complaints, which my opponent knows have since been either voluntarily dismissed or amended, to say that this case involved a theft of only 800,000. So they say, if I can make sure I understand you, they say that the putative class in the complaint encompasses citizens of states other than California and Delaware. And so you're saying that they needed to make it clear that the putative class containing members who are citizens of states other than California and Delaware, that they had confirmed that those people were on the disks that were stolen? Correct, Your Honor. Correct. And I think if you look at the notice of removal, the notice of removal doesn't discuss minimum diversity at all. The district court, looking and said that they were basically late and following additional evidence at the time of response, also canceled the hearing on what I believe, because of the record showed that the evidence that they submitted, just because they had members, and maybe some members are outside the state, didn't really give the evidence to show that this should be in federal court. My argument for us, don't we have to look at the record before us and see what was before the court and then make a ruling? Well, Your Honor, I think as the cases show, the one distinction that our cases, and they're asking for a change in law, is the cases in the Ninth Circuit have allowed one situation to occur where they look at after submitted evidence, after they filed the notice of removal. And in those cases are cases such as the Singer case and the Cohen case that my opponent pointed out, are cases where the plaintiff has made an admission against interest. And the admission against interest in those cases were either the plaintiff admitted to the jurisdictional statement, and in another case where they submitted a settlement demand of over $100,000, which met the diversity jurisdictional method. And as Your Honor's pointed out before in one of the questions is, it is. You've the standard is discretion. You've given the district court's discretion to look at after submitted evidence, but there's no law that says that you have to. There's no decision that said they have to look at that evidence. I would also invite Your Honor. What you just said a few minutes ago about your class definition, I've just looked at your complaint, and your class definition doesn't seem to be what you just indicated. It doesn't talk at all about information being stolen. The class is defined as all former and current Health Net members from whom defendant Health Net and Health Net of California created, maintained, preserved, and stored individually identifiable medical information prior to March 14, 2011. Correct. Nothing in there about stolen. So anybody who's a member, presumably they're going to have records for anybody who's a member, still got the universe of members covered here. Current and former. Now, if you need people who may have moved from California in the meantime, of which we have to know there are some people. Right. And, Your Honor, they would know exactly who the members are because they sent the letter out. And they stated in their notice of removal they had members outside of California. Your Honor, but not But they didn't say how many members. So what? They only need one. Well, Your Honor, it's still indeficient in this regard. They need And, Your Honor, if you look at other than looking at the class definition that has to look in, I would argue, in context of the pleading. The pleading, as I pointed out on page 35 of my record, page 5 of the complaint, 11 and 12, talk about recorded information on hard drives. I don't know. They certainly have the information. Their declarations and statements don't say that they've had the personal information on the hard drive. But your class definition doesn't. It, Your Honor. You may not have claims for other people. But you're purporting to represent or seeking to represent a class that covers lots of people that are outside of California. Well, it doesn't say outside of California, Your Honor. And I don't know which people are on their hard drives or not. I think you have to read it on. A lot of those things come out in discovery. Exactly. Exactly. Your Honor. I agree. It comes out in discovery. And as the Dow chemical decision that this Court rendered before was accurate in stating maybe court cases Do you think the question before us, the specific question before us is at this posture of this case? I think at this posture of this case is whether you accept, whether you create new law and allow defendants outside of a situation where plaintiffs have been at admission, made an admission, and whether you allow defendants after filing notice of removal to submit additional evidence to meet the CAFA jurisdiction and make courts not, and find that district courts abuse their discretion if they don't look at the after-acquired evidence. I would just, I have a few moments left. That standard applied to the plaintiff's complaint? Excuse me, Your Honor. Do you want that standard applied to a plaintiff's complaint? If you haven't submitted evidence to prove your claims, out you go? Well, to meet the jurisdictional claims, I'm not saying the merits of the case that prove jurisdiction. I believe so. I believe the plaintiff has to allege the facts in the complaint. Ever filed a complaint in Federal court? Yes. You attach to your complaint evidence demonstrating the amount in controversy? No, I allege it. You allege it. Against interest. And defendant needs to do the same. And I would just invite Your Honors to look closely at the Coulter City case because in that case, the court, under its own reasoning, found that attached to the notice of removal were declarations attaching supporting it. And under the exact ruling disagreeing with the Lowry case, they did find that in dicta that, oh, the court should have looked at after-acquired evidence, but they had found in their decision that enough of the evidence of the jurisdictional limits were met with the submission of the notice of removal and the supporting declaration, the clerk declaration. Thank you, Your Honor. Thank you. Let me, if I may, just make three brief points. First of all, as I think counsel effectively conceded in response to questions from you, Judge Ikuda, and questions from Judge Clifton, counsel's statement simply misstated what was in the notice of removal. The notice of removal did allege the size of the class, and contrary to what counsel said later in his argument, it also alleged minimal diversity. Paragraph 9, Judge Ikuda, which you referred to, excerpts of Record 210, alleged the putative class definition in the complaint encompasses numerous Health Net members who are citizens of states other than California and Delaware. So the notice of removal was quite specific, and there's nothing to suggest that it was in any way inadequate. As to the evidence, counsel misstated the evidence. Counsel said, if I understood him correctly, that Health Net didn't put in evidence as to the number of members outside California. Even if we were not to engage in the exercise of judicial notice that Judge Clifton suggested, which is acknowledging that people commit the unpardonable act of moving outside California occasionally, if one looks at excerpts of Record 21, in Paragraph 6, the Hicks Declaration says, Health Net's records reflect that for its operating subsidiaries, commercial and Medicare products alone, over 300,000 members reside in Arizona, Oregon, and Washington, i.e., outside Delaware and outside California. And it says in Paragraph 4 on the same page, Health Net's operating subsidiaries, as you might imagine, collect and maintain information on all of their members. That's what health care plans do. So the evidence is undisputed, and I don't think anything counsel said refuted that. Let me close, though, Judge Acuda, by addressing the issue that you raised in this question of discretion. One thing I think this court, like any appellate court, looks to when it measures a district court's discretion, assuming something is subject to an abuse of discretion standard, is what did the district court think it was doing when it exercised its discretion? What was the standard by which we measure an exercise of discretion? If there were an existing standard out there against which we could measure the district court's ruling here, that would be one thing. But there isn't. What there is was simply one district court's decision. Unique in this circuit, as we pointed out, other district courts in this circuit all, in their reported decisions, allow this kind of evidence and consider it. This court considers it. Other circuits consider it. We have a single district court's decision, based on no authority that anybody has been able to identify, that he simply didn't want to look at evidence because it was filed a few weeks after the notice of removal was filed. Well, that's not an exercise of discretion. That's simply an arbitrary ruling and one that really doesn't make sense in terms of the statute or the precedent or congressional intent. Thank you. Thank you. I thank both counsel for the argument. The case just argued is submitted.
judges: Farris, Clifton, Ikuta